IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ESTATE OF KEVIN HEALEY,** | 08-CV-681-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **ROYCE FLETCHER and NESTUCCA RURAL FIRE PROTECTION DISTRICT,** | |
| Defendants. | |

**JANE PAULSON**
Paulson Coletti Trial Attorneys PC
1000 S.W. Broadway, Suite 1660
Portland, OR  97205
(503) 226-6361

**MAUREEN LEONARD**
520 S.W. Sixth Ave., Suite 920
Portland, OR  97204
(503) 224-0212

    Attorneys for Plaintiff

1   -   OPINION AND ORDER

**PETER MERSEREAU**
**BARRETT C. MERSEREAU**
Mersereau and Shannon, LLP
1 S.W. Columbia St., Suite 1600
Portland, OR 97204
(503) 226-6400

**RONALD W. DOWNS**
Special Districts Association
P.O. Box 12613
Portland, OR  97309
(503) 371-4781

        Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendants Royce Fletcher and Nestucca Rural Fire Protection District's Motion to Dismiss (#16) Claim Two of Plaintiff's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Court concludes oral argument would not be helpful.

    For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Plaintiff's Claim Two **with prejudice**.

## BACKGROUND

    On July 13, 2007, Kevin Healey was swimming in the Pacific Ocean off of Neskowin Beach in Tillamook County, Oregon.  A riptide carried Healey away from shore.  Onlookers placed calls

to 911.  The United States Coast Guard and Defendant Fletcher, who was at the time Chief of Nestucca Rural Fire Protection District, responded.  Nevertheless, Healey drowned.

On June 5, 2008, Plaintiff filed its Complaint alleging negligence and violations of Healey's due-process rights under the United States Constitution.  Specifically, Plaintiff alleges Defendants enhanced the danger of Healey drowning because Fletcher pursued a policy, custom, or practice of arbitrarily refusing to provide and preventing others from providing adequate water rescue.  Plaintiff alleges without explanation that "personal animus" caused Fletcher to eliminate Nestucca Rural Fire Protection District's water-rescue team prior to the events of this case and to fail to develop mutual aid agreements with nearby water-rescue units.  According to Plaintiff, Fletcher also refused to call in the nearby water-rescue team in North Lincoln.  Plaintiff contends Defendants' negligent actions caused Healey's death and violated his constitutional rights.

On August 8, 2008, Defendants filed a Motion to Dismiss in which they requested the Court to dismiss Plaintiff's § 1983 claim for violation of Healey's civil rights on the ground that Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

On October 7, 2008, this Court granted Defendants' Motion on the basis that Plaintiff failed to allege sufficient affirmative governmental action to establish its § 1983 claim. The Court granted Plaintiff leave to amend its Complaint.

On October 31, 2008, Plaintiff filed its First Amended Complaint and again alleged negligence and violations of Healey's due-process rights under the United States Constitution.

On November 21, 2008, Defendants filed a second Motion to Dismiss Plaintiff's § 1983 claim (Claim Two in the First Amended Complaint) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **STANDARDS**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege sufficient facts so as to establish a plausible entitlement to relief. *Bell Atlantic v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

4   -   OPINION AND ORDER

doubtful in fact).

*Id.* The court accepts as true the allegations in the complaint and construes them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted). The court's reliance on judicially noticed documents does not convert a motion to dismiss into a summary-judgment motion. *Intri-Plex*, 499 F.3d at 1052.

## DISCUSSION

Defendants contend Plaintiff has not alleged affirmative governmental conduct sufficient to state a claim under 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish a claim under § 1983, a plaintiff must

5   -   OPINION AND ORDER

initially allege "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right." *L.W. v. Grubbs (Grubbs I)*, 974 F.2d 119, 120 (9th Cir. 1992).  State officials or municipalities are liable for deprivations of life, liberty, or property that rise to the level of a "constitutional tort" under the Due Process Clause of the Fourteenth Amendment. *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007).

The Fourteenth Amendment, however, does not require the state to protect individuals against the deprivations of life, liberty, or property by private actors.  *Id.* at 195.  Thus, individuals generally do not have a constitutional "right to governmental aid even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."  *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989).  This general rule "is modified by two exceptions:  (1) the special relationship exception; and (2) the danger creation exception." *Johnson*, 474 F.3d at 639 (citing *Grubbs I,* 974 F.2d at 121). Here Plaintiff asserts the danger-creation exception applies.

To prevail under the danger-creation exception, a plaintiff must (1) "show that the state official participated in creating a dangerous condition" and (2) "acted with deliberate indifference

6   -   OPINION AND ORDER

to the known or obvious danger in subjecting the plaintiff to it."  *L.W. v. Grubbs (Grubbs II)*, 92 F.3d. 894, 900 (9th Cir. 1996).  *See also Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006).

The state actor must do more than merely expose Plaintiff to danger that already exists.  *Grubbs I*, 974 F.2d at 121.  In other words, the state actor must "create[] or expose[] an individual to a danger which he or she would not have otherwise faced."  *Johnson*, 474 F.3d at 639 (internal quotations and citations omitted).

The facts of *Johnson* are somewhat similar to the facts in this matter.  The plaintiffs in *Johnson* were injured during an unruly Mardi Gras celebration in Seattle's Pioneer Square.  *Id*. at 637.  They filed an action against the City of Seattle, its mayor, and its police chief alleging a constitutional tort under the "danger-creation" theory.  *Id*.  The plaintiffs asserted the defendants enhanced the danger faced by the plaintiffs when the defendants abandoned their operational plan for crowd control.  *Id*. at 638.

The Ninth Circuit found the plaintiffs had not demonstrated "any violation of their constitutional rights" caused by Seattle's policy or the actions of the individual defendants.  *Id*. at 638.  The court concluded the defendants had "voluntarily

7   -   OPINION AND ORDER

placed themselves in the midst of the crowd that subsequently became unruly," and, therefore, the defendants had not taken any affirmative steps that placed the plaintiffs at risk.  The Ninth Circuit went on to note that the defendants' decision to switch from a more aggressive crowd-control plan to a more passive one was "not affirmative conduct that placed [plaintiffs] in danger, because it did not place them in any worse condition than they would have been in had the police not come up with any plan whatsoever."  *Id*. at 641.

Here, as noted, Healey voluntarily placed himself in harm's way by swimming in the Pacific Ocean.  Accepting the facts alleged by Plaintiff as true, the Court notes Fletcher, Chief of the Nestucca Rural Fire Protection District, "refused" to call in the water-rescue team located in North Lincoln.  Like the defendants in *Johnson*, however, Fletcher's conduct did not constitute an "affirmative act" that placed Healey in danger because it did not place him in "any worse condition than [he] would have been in" if Fletcher had done nothing.  In other words, Healey voluntarily exposed himself to the danger of drowning well before Defendants appeared on the scene.

The Court notes Plaintiff does not cite any authority that requires a responding fire department to call in an additional rescue team.  Instead, Plaintiff appears to focus on the

8   -   OPINION AND ORDER

"deliberate indifference" portion of the danger-creation exception and alleges Fletcher refused to call the water-rescue team from North Lincoln because of an unexplained improper motive of personal animus.  Plaintiff relies on a line of Third Circuit cases descending from *Kneipp v. Tedder* that suggests acts and omissions on the part of state actors may rise to the level of a constitutional tort if undertaken arbitrarily or if they "shock the conscience."  95 F.3d. 1199 (3rd Cir. 1996).  In *Kneipp*, the Third Circuit articulated a four-part test for determining whether the danger-creation theory applies.  *Id*. at 1208.  The Third Circuit standard, however, is not the standard in the Ninth Circuit.  As noted, to prevail under the danger-creation exception in the Ninth Circuit, a plaintiff must (1) "show that the state official participated in *creating* a dangerous condition" and (2) "acted with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it." *Grubbs II*, 92 F.3d. at 900 (emphasis added).  The Court notes even the Third Circuit requires the state actors to "use their authority to create an opportunity that otherwise would not have existed" and also requires a relationship to exist between the state actors and the plaintiff.  *Kneipp*, 95 F.3d. at 1208.  Even when viewed in the light most favorable to Plaintiff, the record reflects Defendants did not use their authority to create an

9   -   OPINION AND ORDER

"opportunity" that otherwise would not have existed (*i.e.*, the danger of Healey drowning while swimming in the ocean).  In any event, Plaintiff has not alleged any relationship existed between Healey and Defendants.

The Court, therefore, concludes on this record that Plaintiff has not established Defendants engaged in affirmative conduct that created Healey's danger of drowning while swimming in the ocean, and, therefore, Plaintiff has not established a § 1983 claim against Defendants for violation of  Healey's substantive due-process rights.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Claim Two of Plaintiff's First Amended Complaint **with prejudice**.

The Court notes the only basis for its exercise of subject-matter jurisdiction over this matter is the now-dismissed § 1983 claim.  "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion."  *Foster v. Wilson*, 504 F.3d 1046, 1051-1052 (9th Cir. 2007).  *See also* 28 U.S.C. § 1367(c)(3).  The fact that this matter is early in its development is a basis for the Court

10   -   OPINION AND ORDER

to exercise its discretion to dismiss the remaining state-law claim for common-law negligence without prejudice.  Any party who wishes to be heard concerning whether the Court should continue to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim may submit a memorandum on this issue no later than March 6, 2009.

    IT IS SO ORDERED.

    DATED this 19th day of February, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge