IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON


**ESTATE OF KEVIN HEALEY,**                              08-CV-681-BR

        Plaintiff,                               OPINION AND ORDER

v.

**ROYCE FLETCHER and**
**NESTUCCA RURAL FIRE PROTECTION**
**DISTRICT,**

        Defendants.


**JANE PAULSON**
Paulson Coletti Trial Attorneys PC
1000 S.W. Broadway, Suite 1660
Portland, OR  97205
(503) 226-6361

**MAUREEN LEONARD**
520 S.W. Sixth Ave., Suite 920
Portland, OR  97204
(503) 224-0212

        Attorneys for Plaintiff


1   -   OPINION AND ORDER

**PETER MERSEREAU**
**BARRETT C. MERSEREAU**
Mersereau and Shannon, LLP
1 S.W. Columbia St., Suite 1600
Portland, OR 97204
(503) 226-6400

**RONALD W. DOWNS**
Special Districts Association
P.O. Box 12613
Portland, OR  97309
(503) 371-4781

       Attorneys for Defendant

**BROWN, Judge.**

    On June 5, 2008, Plaintiff filed its Complaint, which alleged a claim under 42 U.S.C. § 1983 and a state-law claim for negligence.

    On August 8, 2008, Defendants filed a Motion to Dismiss in which they requested the Court to dismiss Plaintiff's § 1983 claim on the ground that Plaintiff failed to state a claim pursuant to Federal Rule of  Civil Procedure 12(b)(6).

    On October 7, 2008, this Court granted Defendants' Motion on the basis that Plaintiff failed to allege sufficient affirmative governmental action to establish its § 1983 claim. The Court granted Plaintiff leave to amend its Complaint.

    On October 31, 2008, Plaintiff filed its First Amended Complaint and again alleged a claim under § 1983 and a state-law negligence claim.

On November 21, 2008, Defendants filed a second Motion to Dismiss Plaintiff's § 1983 claim (Claim Two in the First Amended Complaint) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

On February 19, 2009, this Court issued an Opinion and Order in which it granted Defendant's Motion and dismissed Plaintiff's § 1983 claim.

In its Opinion and Order issued February 19, 2009, the Court noted the basis for its subject-matter jurisdiction over this matter was the now-dismissed § 1983 claim.  "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion."  *Foster v. Wilson*, 504 F.3d 1046, 1051-1052 (9th Cir. 2007).  *See also* 28 U.S.C. § 1367(c)(3).  Accordingly, the Court, in the exercise of its discretion, concluded Plaintiff's remaining state-law claim for common-law negligence should be dismissed without prejudice because the matter was still early in its development.  The Court, therefore, requested any party who wished to be heard concerning the Court's exercise of supplemental jurisdiction over Plaintiff's remaining state-law claim to submit a memorandum on this issue no later than March 6, 2009.  No memorandum has been submitted.

3   -   OPINION AND ORDER

Accordingly, the Court, in the exercise of its discretion, concludes it should decline to maintain jurisdiction to resolve Plaintiff's remaining state-law claim, and, therefore, dismisses it without prejudice.

## CONCLUSION

For these reasons, the Court **DISMISSES without prejudice** Plaintiff's remaining claim for negligence under state law.

IT IS SO ORDERED.

DATED this 24th day of March, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4   -   OPINION AND ORDER